# STATE OF WEST VIRGINIA
# SUPREME COURT OF APPEALS

*In re* **A.D.**

**No. 21-0779** (Greenbrier County 20-JA-42)

## MEMORANDUM DECISION

Petitioner Father W.D., by counsel John C. Anderson II, appeals the Circuit Court of Greenbrier County's August 9, 2021, order terminating his parental rights to A.D.[1] The West Virginia Department of Health and Human Resources ("DHHR"), by counsel Patrick Morrisey and Mindy M. Parsley, filed a response in support of the circuit court's order. The guardian ad litem, Denise N. Pettijohn, filed a response on the child's behalf in support of the circuit court's order. On appeal, petitioner argues that the circuit court erred in finding that there was no reasonable likelihood that the conditions of neglect and abuse could be substantially corrected in the near future.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision affirming the circuit court's order is appropriate under Rule 21 of the Rules of Appellate Procedure.

In September of 2020, the DHHR filed a child abuse and neglect petition alleging that then four-year-old A.D. tested positive for methamphetamine. The DHHR removed the child from her mother's care. At the time of the removal, the DHHR alleged that petitioner was also a respondent in a separate abuse and neglect proceeding, which began in February of 2019. In the February of 2019 petition, the DHHR alleged that petitioner engaged in inappropriate discipline of his two older children, which petitioner stipulated to in March of 2019. The DHHR alleged

---

[1]Consistent with our long-standing practice in cases with sensitive facts, we use initials where necessary to protect the identities of those involved in this case. *See In re K.H.*, 235 W. Va. 254, 773 S.E.2d 20 (2015); *Melinda H. v. William R. II*, 230 W. Va. 731, 742 S.E.2d 419 (2013); *State v. Brandon B.*, 218 W. Va. 324, 624 S.E.2d 761 (2005); *State v. Edward Charles L.*, 183 W. Va. 641, 398 S.E.2d 123 (1990).

1

that the prior petition was set for disposition and that it had moved to terminate petitioner's parental rights to his older children. The DHHR alleged that petitioner was unable to care for A.D. because he had failed to remedy the conditions of neglect or abuse as alleged in the February of 2019 petition.

In March of 2021, the DHHR filed an amended petition, wherein it alleged that petitioner had sexually abused A.D. The DHHR averred that petitioner's older child, K.D., disclosed that she witnessed petitioner sexually abuse A.D. while A.D. was an infant.

In June of 2021, the circuit court held an adjudicatory hearing. Upon review of K.D.'s forensic interview, the circuit court found that there was insufficient evidence that petitioner had sexually abused A.D. However, the circuit court found that the DHHR offered petitioner services for "well over a year" in the prior abuse and neglect proceeding but that petitioner had failed to remedy the conditions of abuse and neglect. The circuit court found that the DHHR could not place A.D. in petitioner's custody because he had not demonstrated the ability to properly care for a child and placing a child in his custody would threaten the physical and mental health of the child. The circuit court concluded that petitioner neglected A.D. due to his inability to care for the child. It adjudicated petitioner as an abusing parent and A.D. as a neglected child.

In July of 2021, the circuit court held the final dispositional hearing. A DHHR worker testified that petitioner failed to acknowledge the conditions of abuse and neglect. Further, the DHHR worker testified that petitioner received twenty months of services in the prior abuse and neglect proceeding but had made no change in his circumstances. Petitioner voluntarily relinquished his parental rights to his two older children. He testified that he did not "spank" his children or use other corporal punishment, despite admitting to inappropriate discipline in the prior abuse and neglect proceeding. Petitioner explained that he felt he "did [not] really have a chance" in the prior proceeding because his older daughter gave a video statement alleging that he engaged in corporal punishment; he asserted that his older daughter was lying. Petitioner also testified that he was employed, had suitable housing for A.D., and had participated in services in the prior proceeding.

Ultimately, the circuit court found that petitioner failed to acknowledge the conditions of abuse or neglect and failed to recognize that his parenting needed any improvement. The circuit court considered that petitioner participated in twenty months of services in the prior proceeding without any benefit and testimony from petitioner's forensic evaluator, who opined that petitioner lacked the ability to live independently without assistance and that he had a limited capacity to learn or benefit from services.[2] The circuit court concluded that an improvement period would be an exercise in futility based upon petitioner's failure to acknowledge the issues and his demonstrated inability to benefit from those services. Finally, the circuit court noted that petitioner admitted to living with the mother as recently as June of 2021 and that petitioner's "inability to address that particular relationship [led] the [c]ourt to believe that the child . . .

---

[2]Petitioner did not provide a transcript of the adjudicatory hearing nor a copy of his parental fitness evaluation on appeal.

would be at risk" in petitioner's care. The circuit court decided that there was no reasonable likelihood that the conditions of neglect or abuse could be substantially corrected in the near future and that it was necessary for the child's welfare to terminate petitioner's parental rights to the child. Accordingly, the circuit court terminated petitioner's parental rights by its April 9, 2021, order. Petitioner now appeals that order.[3]

The Court has previously held:

> "Although conclusions of law reached by a circuit court are subject to *de novo* review, when an action, such as an abuse and neglect case, is tried upon the facts without a jury, the circuit court shall make a determination based upon the evidence and shall make findings of fact and conclusions of law as to whether such child is abused or neglected. These findings shall not be set aside by a reviewing court unless clearly erroneous. A finding is clearly erroneous when, although there is evidence to support the finding, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed. However, a reviewing court may not overturn a finding simply because it would have decided the case differently, and it must affirm a finding if the circuit court's account of the evidence is plausible in light of the record viewed in its entirety." Syl. Pt. 1, *In Interest of Tiffany Marie S.*, 196 W.Va. 223, 470 S.E.2d 177 (1996).

Syl. Pt. 1, *In re Cecil T.*, 228 W. Va. 89, 717 S.E.2d 873 (2011).

On appeal, petitioner argues that the circuit court erred in finding that there was no reasonable likelihood that the conditions of neglect and abuse could be substantially corrected in the near future. Petitioner asserts that the evidence shows he was employed, passed drug screens, cooperated with the DHHR, and had suitable housing for the child at the time of the dispositional hearing. Further, petitioner indicated that he was willing to participate in services prior to reunification with A.D. Upon our review, we find petitioner is entitled to no relief on appeal.

Pursuant to West Virginia Code § 49-4-604(c)(6), a circuit court may terminate a parent's parental rights upon finding that "there is no reasonable likelihood that the conditions of neglect or abuse can be substantially corrected in the near future" and that termination is necessary for the welfare of the child. West Virginia Code § 49-4-604(d)(3) provides that there is no reasonable likelihood that the conditions of neglect or abuse can be substantially corrected when

> [t]he abusing parent or parents have not responded to or followed through with a reasonable family case plan or other rehabilitative efforts of social, medical,

---

[3]The mother voluntarily relinquished her parental rights below. According to the parties, the permanency plan for A.D. is adoption in her current foster placement. Additionally, any proceedings regarding petitioner's older children are separate from this appeal. The permanency plan for those children is not apparent from the record.

mental health, or other rehabilitative agencies designed to reduce or prevent the abuse or neglect of the child, as evidenced by the continuation or insubstantial diminution of conditions which threatened the health, welfare, or life of the child.

Here, the evidence shows that petitioner would not have responded to a reasonable family case plan and that services would have been exercise in futility. Critically, the circuit court found that petitioner failed to acknowledge the conditions of neglect and abuse from his current case and the prior abuse and neglect case, and petitioner does not challenge this finding on appeal. This Court has held that

> [i]n order to remedy the abuse and/or neglect problem, the problem must first be acknowledged. Failure to acknowledge the existence of the problem, i.e., the truth of the basic allegation pertaining to the alleged abuse and neglect or the perpetrator of said abuse and neglect, results in making the problem untreatable and in making an improvement period an exercise in futility at the child's expense.

*In re Timber M.*, 231 W. Va. 44, 55, 743 S.E.2d 352, 363 (2013) (citation omitted). The record provides that petitioner was provided twenty months of services in his prior abuse and neglect proceeding to resolve his use of inappropriate discipline against his older children. Despite the DHHR's tremendous effort, petitioner recanted his admission that he used inappropriate discipline against his children and asserted that his older children were lying. Likewise, in this proceeding, petitioner failed to acknowledge that he had any parenting deficits or that he needed any services to correct his parenting. Without any acknowledgement of the problem, there could be no expectation that petitioner would substantially remedy the conditions of neglect or abuse in a reasonable time. Therefore, we find no error in the circuit court's finding.

Finally, the Court has held that

> "[t]ermination of parental rights, the most drastic remedy under the statutory provision covering the disposition of neglected children, [West Virginia Code § 49-4-604] . . . may be employed without the use of intervening less restrictive alternatives when it is found that there is no reasonable likelihood under [West Virginia Code § 49-4-604(d)] . . . that conditions of neglect or abuse can be substantially corrected." Syllabus point 2, *In re R.J.M.*, 164 W.Va. 496, 266 S.E.2d 114 (1980).

Syl. Pt. 5, *In re Kristin Y.*, 227 W. Va. 558, 712 S.E.2d 55 (2011). Although not directly challenged by petitioner, we note that the circuit court's finding supports its decision to terminate petitioner's parental rights to A.D., and we find no error in that decision.

For the foregoing reasons, we find no error in the decision of the circuit court, and its August 9, 2021, order is hereby affirmed.

Affirmed.

4

**ISSUED**: March 9, 2022


**CONCURRED IN BY**:

Chief Justice John A. Hutchison
Justice Elizabeth D. Walker
Justice Tim Armstead
Justice William R. Wooton
Justice Alan D. Moats sitting by temporary assignment